AGNES MELCONIAN KELLEHER, PLAINTIFF-APPELLANT, v. LOUIS LOZZI, DEFENDANT-RESPONDENT.

Argued March 15, 1951—Decided April 9, 1951.

*Mr. Hyman W. Rosenthal* argued the cause for appellant. *Mr. Harry Chashin* on the brief. (*Messrs. Marcus & Levy*, attorneys).

*Mr. Archibald Kreiger* argued the cause for the respondent. (*Messrs. Bluestein & Diamond*, attorneys).

The opinion of the court was delivered by

CASE, J. The appeal is from an order in the Superior Court, Law Division, Passaic County, striking the complaint and awarding judgment to the defendant against the plaintiff. It comes to us on our own certification.

The case turns on the effect to be given the disposition of an earlier suit arising out of the same state of facts wherein the present defendant was plaintiff and the present plaintiff was defendant. On or about August 18, 1949, there was a collision at a street intersection in the Borough of East Paterson between an automobile owned and driven by Louis Lozzi and an automobile owned and driven by Agnes M. Kelleher, then Agnes Melconian. Lozzi sued Kelleher in the Bergen County Court on a complaint which charged Kelleher with liability in that she negligently operated a defectively equipped automobile resulting in personal injuries to Lozzi and damages to his car. Kelleher filed an answer in which she admitted ownership and operation but otherwise denied the substantial allegations of the complaint. She incorporated in her answer three special defenses charging respectively that (1) Lozzi was guilty of contributory negligence, (2) Lozzi assumed the risk and (3) the accident was caused by the negligence of a third party over whom Kelleher had no control. In due course the case came to pretrial conference where, February 10, 1950, an order was stipulated by counsel and signed by the court setting forth, *inter alia,* that negligence and contributory negligence were the matters in dispute

and that a property damage bill paid by Lozzi in the amount of $331.50 and a physician's bill for services to Lozzi in the amount of $266 were to be admitted in evidence. On March 17, 1950, a paper of dismissal was signed by the attorneys for the parties plaintiff and defendant and filed. It reads: "Please take notice that the above entitled cause is hereby dismissed without costs to either party against the other. (Signed) Peter J. Cammarano, Attorney for Plaintiff; Wilbur A. Stevens, Attorney for Defendant." The consideration for the dismissal was the sum of $550 paid to Lozzi in settlement of the action and a release executed and delivered by Lozzi.

On August 21, 1950, Kelleher filed her present complaint restating the accident, charging Lozzi with liability for her property loss and personal injuries in that he negligently operated his own car and claiming $10,500 damages. Lozzi then moved for and was granted the disputed judgment of dismissal because of the incidents in the former suit.

Several rules of the court are cited to us by one or the other of the parties. They are respectively *Rules* 3 :1–2, 3 :12–2, 3 :12–8, 3 :13–1, 3 :41–1(a), 3 :41–2 and 3 :42–1. The essence of these rules, to the extent of their present pertinency, is:

3 :1–2. "The rules shall be construed to render the civil practice just and simple and to prevent unjustifiable expense and delay. * * * "

3 :12–2. "Every defense, legal or equitable, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the answer thereto, except that the following defenses may at the option of the pleader be made by motion: * * * (5) failure to state a claim upon which relief can be granted * * *."

3 :12–8. "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *," with exceptions not here pertinent.

3 :13–1. "A pleading may state as a counterclaim any claim against the opposing party whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim," with exceptions not here pertinent.

3 :41–1(a). "Subject to the provisions of *Rule* 3 :23–3 and *Rule* 3 :66, an action may be dismissed by the plaintiff without order of court (1) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (2) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once previously dismissed in any court of the State or of any other state or the United States an action based on or including the same claim."

3 :41–2. " * * * any dismissal not provided for in *Rule* 3 :41, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits. Nonsuits are superseded."

3 :42–1. This rule relates to consolidation of actions—when and how accomplished.

■■ Appellant's first point is that the filing of a counterclaim was permissible but not mandatory. When appellant, as defendant in the first action, was served with Lozzi's complaint she was compelled by *Rule* 3 :12–2 to assert each and every of her defenses in her answer. Therefore, if she purposed to assert negligence on the part of the plaintiff and to rely upon that negligence as a defense against liability she was obliged to, and did, plead that element as a defense. The word "counterclaim" as used in the rule does not refer to a defensive pleading. The pleading is given its place along with an original claim and a cross-claim as a charge or a statement of a cause of action which calls upon the person charged to make an answer stating all of his defenses. To rule upon the point categorically, the filing of a counterclaim was, under *Rule* 3 :13–1, permissive and not mandatory, a status

that was not altered by *Rule* 3 :12–2 ; but this construction, as we shall see, is not dispositive of the appeal. ·

Appellant's point two is that the matter presented by the motion leading to the judgment under review is not the proper subject of a motion. The accuracy of that assertion depends upon whether the complaint states a claim upon which relief may be granted under *Rule* 3 :12–2. We shall presently discuss the point at greater length.

It is next said that the dismissal of the prior suit was without prejudice, and reliance is placed upon the provision of *Rule* 3 :41–1(a) that unless otherwise stated in the notice of dismissal or stipulation a dismissal is without prejudice. It is first to be observed that we are not confronted with a bare stipulation to dismiss. There was a settlement of the issues, the payment of money by the defendant and the delivery of a release by the plaintiff. Obviously, that disposition was not without prejudice to the plaintiff and, upon the assumption that the "without prejudice" provision had the defendant within its purview, the payment of an agreed settlement of the issues served quite as efficiently to remove the defendant from the benefit thereof so far as concerns the issues which were involved in the settlement. The issues were primarily two : First, was the defendant guilty of negligence which was a proximate cause of the accident? Second, was the plaintiff guilty of negligence which caused, or was a factor contributing toward, the accident? If either element had been resolved in favor of the defendant, she would have been not liable and could thereafter have brought suit for her own recovery. Her omission in filing a counterclaim in her adversary's suit would not have shut her off because the filing of such a pleading was a privilege and not a duty. But neither element was resolved in her favor. By her own act in surrendering the contest, making her settlement and as a part thereof taking from her adversary his undertaking to release her from further liability she conceded that she, and she alone, was the wrongdoer.

In contract actions, where the earlier suit has gone to judgment, courts of authority have directly spoken. In Massa-

chusetts it was held that where a defendant in the former suit intended to claim more than the amount for which he was sued, he must bring a cross-action and apply to the court to have the cases continued; "he cannot use the same defence, first as a shield, and then as a sword." *O'Connor v. Varney,* 10 *Gray* 231, (*Massachusetts Supreme Judicial Court,* 1857). And in New York it was held that as to a matter that was the real issue in an earlier action which went against the defendant the judgment was conclusive, and the defendant could not set up the same claim in a later cause even though he had earlier asserted it as a defense, merely, and not as a counterclaim. *Patrick v. Shaffer,* 94 *N. Y.* 423 (*New York Court of Appeals,* 1884).

By every fair expectation the question of Lozzi's negligence as between him and Kelleher was settled in the negative by the parties *inter sese.* It is difficult to understand how, on sound reasoning or equitable dealing, any other result could be reached. A sues B; the pleadings sharply draw the issues; before getting in the courtroom for trial B yields the fight and by making cash payment acknowledges that A is right and B is wrong, and having paid the price gets A's release. Then B starts suit against A and says in effect, "True, you sued me on the very same issues arising out of the identical circumstances, and I admitted I was wrong; but that was in *your* suit. Now this is *my* suit, and for the purposes of my suit I was in the right. I have your release which you executed in the belief that I had acknowledged my guilt and that our differences were settled. But as against the amount which I paid you for the release, upon which I shall hold you, I may recover the much larger amount for which I sue." Honesty is buried by sophistry.

It is logically and factually impossible to reconcile a valid claim by Kelleher with a valid claim by Lozzi. As Kelleher by her act acknowledged a valid claim by Lozzi and effected a settlement on that basis, we are brought to the conclusion that she estopped herself from taking the opposite position; that consequently she, in her own suit, has failed to state a

claim upon which relief can be granted; and that, therefore, the case comes within the fifth exception to *Rule* 3:12–2; *supra,* which permits the fault to be reached by motion.

■ Our exception (5)—"failure to state a claim upon which relief can be granted"—is identical with exception (6) in the federal rule 12(b). *Moore's "Federal Practice under the New Federal Rules"* (1938) *Vol.* 1 at *page* 647 states: "It would be quibbling to hold that *Rule* 12(b) does not authorize a motion raising defense (6) to be accompanied by an affidavit that the statute of limitations had run, or that the claim was barred by *res judicata."* That statement supports two propositions: a claim of *res judicata* may be presented by motion under our exception (5); and the motion may be supported by affidavit. We consider that the logic underlying the practice for so presenting the defense of *res judicata* carries through to the estoppel presented in the instant case.

Appellant's position appears to be that the objection should be pleaded in the answer and should await adjudication at the trial, a procedure which, having regard to the objective, is cumbersome, expensive, unnecessary and at odds with the effort to reach a termination of litigation with such thrift, expedition and simplicity as is consistent with doing justice. *Cf. Rule* 3:1–2, *supra.* We see nothing to be gained by spending the time and money incident to going through pretrial conference and preparing for and conducting the trial itself, or indeed in embarking upon a course leading to those stages in procedure, when the entire question presented for determination is whether plaintiff is at liberty to prosecute her action.

■ Respondent argues that because of the incidents of settlement and release the dismissal was not of the type embraced within *Rule* 3:41–1(a) but falls rather within the reach of that portion of *Rule* 3:41–2, which is quoted *supra.* We do not follow that argument to its result, but we agree that the rule was not intended to nullify the effect of a settlement upon payment and release. The incident of the release in conjunction with the agreed dismissal is suggestive of the

common law *retraxit* (for a form and the earlier practice thereon see *Jeffery's Precedents* (1892)), the effect of which was to forever end the litigation, *Waldron v. Angleman,* 71 *N. J. L.* 166 (*Sup. Ct.* 1904), but the usual significance of the *retraxit* was that the plaintiff thereby solemnly acknowledged himself to be without a just cause of action, whereas in the instant case it was the defendant who, in paying damages, admitted that she was the one who was at fault. No judgment was actually entered, but the parties really made their own adjudication. It has been held that a dismissal of a suit made after, and based upon, an agreement between the parties by which a compromise settlement and adjustment of the subject matter in dispute is made, is a dismissal on the merits and would be a bar to further litigation on the same subject between the parties; and that if the record fails to show the facts of the agreement for the dismissal, extrinsic evidence may be resorted to. *Turner v. Fleming,* 130 *Pac.* 551 (45 *L. R. A. N. S.* 265 (*Oklahoma Sup. Ct.* 1913)).

We consider, further, that the "without prejudice" provision of *Rule* 3:41–1(a) has only the plaintiff within its purview. Clearly, as we have said, the rule does not relate to a composite situation by which the litigation is settled. It anticipates the filing of a complaint and the subsequent desire of the plaintiff to dismiss it. It provides that the plaintiff (1) should be at liberty by his own undirected act to file a notice of dismissal at any time before service upon him of an answer or of a motion for summary judgment or, (2) that he may dismiss by filing a stipulation of dismissal signed by all parties who have appeared in the action. There follows the provision that unless otherwise stated in the notice of dismissal or stipulation the dismissal is without prejudice. Without prejudice to whom and as to what? Without prejudice, we understand, to the right of the plaintiff to make a later assertion of his alleged claim. It could hardly be that the rule was framed to provide that any answering party or any party otherwise appearing would be without prejudice to resist the claim if it should later be reasserted. Such a provi-

sion would be so unnecessary as to amount to an affectation. There could, in reason, be no prejudice in the dismissing of a complaint by a plaintiff against the right of a defendant to defend if later sued. That the plaintiff is the party affected is not only the conclusion of sound sense but receives confirmation in the remainder of the sentence which mandatorily directs that the notice of dismissal shall operate as an adjudication upon the merits if the plaintiff who files it shall have been previously dismissed in any court. The "without prejudice" clause has relation only to a later assertion of the plaintiff's claim.

Appellant's fourth point is that the dismissal of the prior suit did not purport to deal with her claim, a contention which is casually treated by the brief in a dozen lines and which we think has been adequately answered in the foregoing general discussion.

It is next said that the testimony which the trial court admitted and relied upon was incompetent and immaterial. It clearly was not immaterial; and we think it was competent to the extent of presenting a *prima facie* case which was in no way met or attempted to be met or explained by proof in behalf of the plaintiff. Lozzi testified that his suit was settled between him and Kelleher; that he received $550 in settlement, and as a result signed a release to Kelleher (Melconian) ; that he authorized his counsel to enter into the stipulation of dismissal; that the settlement was effected by Lozzi through his attorney and that the witness did not see Kelleher personally. It was not denied, even by appellant's counsel in the argument, much less by proof, that the testimony thus given, with all of its implications and inferences, was the absolute truth; nor was any explanation advanced as to why no contradiction or explanation was brought forward. The finding of the court which heard the matter was that "between the time of the pretrial conference and the time for trial, plaintiff and defendant through their attorneys settled said action and the attorneys for both parties signed a stipulation of discontinuance and the defendant herein signed a release to

the plaintiff herein." The parties throughout acted through their attorneys. We are satisfied that the settlement in all its parts was made with authority.

Finally, it is contended that the notice of motion to dismiss the present complaint was defective in form. The contention is based upon the fact that the notice specified as the ground of the motion that the complaint violated court *Rules* 3:12–2 and 3:12–8. The argument on the motion was broadened beyond the application of those two rules. The matter was opened on September 29, 1950. It was at once disclosed that the first suit between the same parties, with relative positions reversed, was on precisely the same subject matter arising out of the same accident, that there was an answer filed but that there was not a counterclaim to preserve any right of the defendant against a termination adverse to her upon the issues raised in her answer, that the action was settled by the parties on the payment by the defendant to the plaintiff and the consequent giving of a release by the plaintiff to the defendant. Before the argument was closed the court granted an adjournment of two weeks to permit the movant to produce proof of facts alleged by him not apparent on the record. The argument was resumed on October 13th, and the proofs already referred to were adduced. During that adjourned hearing another interruption was granted to allow a witness for movant to be brought in and to testify. The present appellant as the party plaintiff against whom the motion was made was on ample notice of what the points and the argument would be. Her attorney at that time advanced the arguments he presents now—a sufficient indication that he was on full notice of the facts and the reasons upon which the motion was grounded; but he did not offer, or ask time to produce, contradictory proofs, nor did he ask further time to amplify his argument. The point presents no substantial ground for reversal.

Had Kelleher, when she was sued, wished to assert and maintain her own cause of action, the way was simple. She could have filed a counterclaim in the same action; or she

could have brought an original suit forthwith in the court which she later selected and the questions of removal and of consolidation (*Rule* 3:42–1) would have been within the control of the court for her protection or that of her adversary as would also have been the question of change of venue. Although she could have done those things she was not obliged to, and did not, do them. But she was not at liberty so to pursue her elective courses that she could lead the plaintiff into a settlement and the giving of a release with the reasonable and logical expectation that by this joint undertaking of the parties their litigable differences were ended and then, on the finely spun distinction that she was about to litigate her claim, not his, revive an issue which she had resolved against herself.

We conclude that the judgment below should be affirmed, with costs.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD and ACKERSON—6.

*For reversal*—Justice BURLING—1.