16 N.J. Super. 42 (1951)
83 A.2d 820
CHARLES HIPPE, AN INFANT, BY HIS GUARDIAN, ETC., AND CHARLES HIPPE AND MARIA HIPPE, PLAINTIFFS,
v.
ANNA DEL VALLE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided September 14, 1951.
*43 Mr. Samuel A. Gennet, attorney for plaintiffs.
Mrs. May Gold-Dreznick, attorney for defendant (Mr. Robert H. Hartgrove, of counsel).
DREWEN, J.C.C. (temporarily assigned).
This is a motion to strike the answer and for summary judgment.
The plaintiffs are an infant, Charles Hippe who sues by his father as guardian ad litem, and the infant's parents, Charles and Maria Hippe. The suit is to recover damages for injury claimed to have been sustained by the infant in a fall caused, as alleged, by the negligence of defendant in the maintenance and operation of a dwelling house owned by her in Jersey City. There is also a derivative claim by the parents.
As stated in the moving papers, the motion is for the entry of plaintiff's judgment "for the relief demanded in the complaint on the basis of the complaint and defendant's answer and separate defenses, upon the ground that no *44 material issue of fact is raised by the said pleadings and no legal defense is raised in the answer and separate defenses." Rule 3:56-3.
In addition to its denials the answer contains six separate defenses, including those of contributory negligence, intervening efficient cause and a further defense which is the subject of this controversy. It is pleaded as follows: "Indemnifying release executed by Charles Hippe, father of the aforesaid infant-plaintiff, on the 1st day of May, 1951." For the purpose of this motion the recited defense must be taken as factually well-founded. Moreover, the valid existence of the release and the truth of its recital as to defendant's settlement of plaintiff's claim is the very basis of the motion. The instrument itself is before me. The parties thereto are the aforementioned plaintiff-father and defendant. It is in two parts, each in the usual form, the first being a satisfaction and discharge and the second an agreement to release and indemnify. The stated consideration is $100. It describes the infant-plaintiff as "Charles Hippe, Jr., a minor of two and one-half years of age." It is executed by the plaintiff-father "individually and as parent and guardian of the infant." It bears the date May 1, 1951. Summons in the action was served and complaint was filed on April 23, 1951. The answer was filed (as within time) May 31, 1951.
This motion was argued entirely upon the theory that the action of defendant in paying the sum stated and obtaining the described release constitutes an admission by her that amounts to a disposition of all the issues in plaintiff's favor. For the support of this contention plaintiff relies on the opinion of the Supreme Court in Kelleher v. Lozzi, 7 N.J. 17 (1951). In that case an action had been brought (and disposed of upon terms amicably arrived at by the parties) prior to the institution of the subsequent one which culminated in the cited decision. In the first action Lozzi sued Kelleher for damages claimed to have resulted from loss and injury consequent upon a collision of motor cars. The cause had been fully pleaded and the issues finally delimited *45 by a pretrial order "setting forth inter alia that negligence and contributory negligence were the matters in dispute." The defendant Kelleher filed no counterclaim or cross-claim. While the suit was awaiting trial the parties in due form concluded a settlement wherein Kelleher paid Lozzi $550 and in consideration whereof Lozzi executed and delivered his release. A feature of the settlement procedure was the filing of record of a writing as follows: "Please take notice that the above-entitled cause is hereby dismissed without costs to either party against the other," signed by the respective attorneys. Some time thereafter Kelleher reversed her role of defendant and instituted an action against the former plaintiff upon the very state of facts that had been the subject of their settlement. Lozzi then moved in the trial court to dismiss the second action on the ground that its subject matter had already been determined in the previous settlement and the claim released. The trial court granted the motion and the Supreme Court affirmed.
Considering the effects that, upon occasion, are attributed to Kelleher v. Lozzi, supra, respecting the legal consequences of settlement in a pending issue of negligence (of which the present motion is an instance), it might be helpful in passing on the matter in hand to strive for something like a clear and precise view of what the decision really holds. It is, of course, assumed that under the facts submitted the rights of the infant are not here in question, and the discussion that follows will concern only the position of the adult parties.
To begin with, there is the fundamental right by which one is always free to purchase the security of his peace against the molestation of suit or claim and to do so without regard to merit or demerit in his case, and even to the scorn of a likely triumph in the threatened contest. Needless to say, however, this right, like all others, is circumscribed by the correlative and conflicting rights of others. As it was the right of the defendant Kelleher to buy her peace by settling the claim of Lozzi it was equally the right of Lozzi *46 to be in all things undeceived as to the terms and to be secure in the settlement once made. At the time of the compromise in that case all the requisite allegations and defenses were in issue between the parties, a circumstance which made it an implicit term of their dealing that settlement of the dispute would be a settlement of the whole controversy, once and for all. Hence it is that Kelleher's starting of the second action was a repudiation of her agreement ending the first; and the result would have been to revive the suit in toto and annul the recorded termination already had.
Specifically, one of the things held by the Supreme Court is that under the attendant circumstances the parties by their concluding of the first suit had "effected their own adjudication"; and another is that in instituting the second action Kelleher took "an opposite position." It is in keeping with these holdings, as an attentive reading of the opinion unmistakably shows, that the decision has its basis in the familiar principles of res judicata and estoppel.
There is one passage in the Supreme Court opinion that is stressed by plaintiff as attesting the validity of his motion. It is the court's statement of the effect of Kelleher's settlement of the first suit, viz.: "By her own act in surrendering the contest, making her settlement and as a part thereof taking from her adversary his undertaking to release her from further liability she conceded that she, and she alone, was the wrongdoer." But this is merely a pronouncement upon the facts, the particular facts that are the material of the court's decision, and apart from which a clear understanding of what the passage means is not to be had. Not only is the factual pattern here in no way similar to that in the case relied on, but it presents rather a direct contrast. If there was any deception here, it would seem to have been exerted not upon plaintiff, who is the moving party, but upon defendant. Plaintiff makes no contention that the pleaded settlement was not in every way valid, fair and binding. It is not defendant here who moves against plaintiff, in contravention of their deliberate agreement, but plaintiff *47 who does precisely that against defendant. There was no problem in the Kelleher case, just as there is no problem here, until Kelleher, the whilom defendant, had become plaintiff in the second suit. Here it is not defendant but plaintiff who is in the way of being affected by an estoppel; and as for the pleaded settlement, which in resolving the present case we must substitute for the "adjudication" effected by the parties themselves in the Kelleher case, it is not defendant but the plaintiff who repudiates it.
Were we to indulge the notion that from first to last it was plaintiff's scheme in the settlement transaction to lure defendant into the very plight that the success of this motion would entail for him, there would be nothing inconsistent with that hypothesis. The position plaintiff takes carries an implication that is worthy of notice. It is that when one undertakes to settle a claim against him by paying an agreed sum and accepting the claimant's release, the terminal aspect of the transaction is altogether sham, and that notwithstanding the ostensible import of the business, its real effect is to establish defendant's plenary liability in the cause and thus to clear the ground for plaintiff's full recovery, without further proof or resistance save only as to quantum of damages. An all too obvious question arises. Why, in the state of things that the implication presents, would it not always be worth a designing suitor's while to offer whatever terms of settlement may be necessary to induce a seemingly amicable adjustment of differences, doing so not at all for the apparent purpose but as a strategic step in the prosecution of his claim? Were plaintiff's thesis to prevail we could expect no more settlements.
The motion is denied.