16 N.J. Super. 48 (1951)
83 A.2d 823
ANTHONY DE CARLUCCI, PLAINTIFF,
v.
HYMAN BRASLEY AND ERNEST HAYEN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 15, 1951.
*49 Mr. Louis J. Anzalone, attorney for plaintiff.
Messrs. Markley & Broadhurst, attorneys for defendant counterclaimant.
TENENBAUM, J.C.C. (temporarily assigned).
The plaintiff, Anthony De Carlucci, instituted suit sounding in tort, the gravamen of which complaint charges each defendant, Hyman Brasley and Ernest Hayen, with negligence, individually and jointly, in the operation of their respective motor vehicles, as a result of which he claimed damage to his automobile and personal injuries alleged to have been sustained by him, for all of which he sought damages.
The defendant, Ernest Hayen, by his counsel, Markley & Broadhurst, Esquires, filed his answer admitting ownership of the motor vehicle mentioned in the complaint, but made a general denial of all the other averments and interposed the defenses: (a) that the accident, and the resultant damages and injuries alleged, were the result of the negligence of the defendant, Hyman Brasley; (b) contributory negligence of the plaintiff, Anthony De Carlucci; (c) that the accident was solely and proximately caused by a person or persons other *50 than the defendant, Ernest Hayen, over whom he had no control. He likewise asserted a crossclaim against the defendant, Hyman Brasley, charging him with negligence, alleging it was the proximate cause of the accident and the resultant damage to his automobile, for which he sought recovery. Additionally, he advanced a counterclaim against the plaintiff, charging him with negligence which he avers was the proximate cause of the accident and the resultant damage to the defendant-counterclaimant's automobile, for which he sought recovery from the plaintiff.
Thus the issues were framed, and at some stage in the proceedings before trial an agent of the Commercial Casualty Insurance Company, the plaintiff's insurance carrier, settled the counterclaim of the defendant, Ernest Hayen, against the plaintiff for $150 and for that consideration accepted a release for the said amount running from Ernest Hayen to the plaintiff.
The defendant, Ernest Hayen, thereafter moved for an order of summary judgment of dismissal of the plaintiff's suit against him, urging for success the pronouncement in Kelleher v. Lozzi, 7 N.J. 17, 80 A.2d 196 (1951). To support the motion, James B. Emory, Esquire, a member of the firm of Markley & Broadhurst, Esquires, attorneys for defendant-counterclaimant, filed his affidavit alleging, inter alia:
"1. I am an Attorney and Counsellor at Law of the State of New Jersey, and a member of the firm of Markley & Broadhurst, Attorneys for the Defendant, Ernest Hayen, and the person in charge of the handling of this matter.
2. On March 1, 1951, Mr. Wertheimer of the Commercial Casualty Insurance Company, who carried the liability insurance on the automobile of the plaintiff, offered to settle the counterclaim of the defendant, Ernest Hayen, for $150.00. I accepted that offer and pursuant thereto, mailed to Mr. Wertheimer a Stipulation of Dismissal and a Release executed on April 12, 1951; said Release reciting the above stated consideration of $150.00, and running from Ernest Hayen to the plaintiff, Anthony DeCarlucci.
3. Subsequent thereto the said sum of $150.00 was paid to the defendant by a check of the Commercial Casualty Insurance Company; said check being made payable to Ernest Hayen and Markley & Broadhurst, Attorneys."
*51 The plaintiff, in resisting the motion, filed an affidavit alleging that Mr. Wertheimer of the Commercial Casualty Insurance Company was not his agent or representative, and that he never authorized the insurance company to settle any claims for personal injury or property damage, and further that the only authority that the Commercial Casualty Insurance Company had from him was to appear in defense of the counterclaim, and that his consent was never obtained to any settlement made by the Commercial Casualty Insurance Company.
Neither of the affidavits submitted indicate that the plaintiff, personally, or Louis J. Anzalone, his attorney, who instituted the suit on his behalf, participated in the negotiations which culminated in the settlement, or that either of them had any knowledge of the pendency of those negotiations. Neither does it appear in the affidavits that the consent of the plaintiff or his attorney was sought or obtained to the stipulation of dismissal or the acquisition of a release. The stipulation on file contains the following:
"It is hereby stipulated between the attorneys for the respective parties that the counterclaim filed by the defendant, Ernest Hayen, is hereby dismissed without costs to either party.
 (Signed by) Markley & Broadhurst,
 Attorneys for Counterclaimant
 by J.B. Emory, partner.
 (Signed) Raymond E. Taylor,
 Attorney for plaintiff in defense
 of Counterclaim."
It is to be observed that the stipulation was signed on behalf of the counterclaimant by "Markley & Broadhurst, * * * by J.B. Emory, partner," and by "Raymond E. Taylor, Attorney for plaintiff in defense of counterclaim." From this it is to be inferred that Raymond E. Taylor, attorney, was restricted in his authority, if he had any authority at all, to dealing with the counterclaim. In view of the absence of any show to the contrary, it may also be inferred that he actually represented an insurance carrier of the plaintiff; *52 it is not unusual for a litigant who is subjected to a counterclaim after the institution of suit to be represented by different counsel where the counterclaim affects the obligation of an insurance carrier upon a policy of insurance.
The affidavit of the plaintiff justifies the conclusion (indeed there seems to be no contrary claim) that the Mr. Wertheimer representing the Commercial Casualty Insurance Company was not his agent; that the plaintiff never authorized him to settle plaintiff's claims for personal injury or property damage, and that no authority was given to the insurance company to prejudice plaintiff's rights, nor was any consent obtained of the plaintiff to make the settlement referred to. The affidavit submitted by attorney for the counterclaimant is barren of any statement to the contrary.
The plaintiff initially engaged a lawyer, Louis J. Anzalone, of his own choosing, to institute his suit. When the defendant filed his counterclaim there was evidently imposed upon him by the insurance carrier another lawyer in the person of Raymond E. Taylor, to defend the counterclaim. The policy of liability insurance which the plaintiff had with the Commercial Casualty Insurance Company contained the standard provisions which leave to the insurer the question of whether a case is to be tried or settled.
In McDonald v. Royal Indemnity Insurance Company, 109 N.J.L. 308 (E. & A. 1932), it was said by the court:
"The insurer was under no obligation to pay in advance of trial, and the decision whether to settle or to try was committed to it. The plain words of the policy have no other meaning."
But this principle is not so elastic that it may be expanded to deprive the plaintiff of his right to maintain a suit in his own behalf where the conduct of the insurance company, in settling the counterclaim against the plaintiff, was without his knowledge, consent, participation, approval or cooperation.
The facts which impelled the court to reach its result in Kelleher v. Lozzi, supra, are in sharp contrast with those facts in the case under consideration. There, a consideration was *53 paid by the defendant to the plaintiff in settlement of the controversy, a release given, and a stipulation of dismissal signed by the attorney for the plaintiff and defendant. It is patent that there was participation by both parties to the settlement, or, at least, there was silence on the part of the insurance company, if such company was involved in carrying out the negotiations of settlement. The facts lack the element of settlement by a third person (insurance carrier). Mr. Justice Case rested his determination in the Kelleher case on estoppel resulting from the conduct of the parties inter sese.
Motion denied.