18 N.J. Super. 95 (1952)
86 A.2d 695
OSCAR ISAACSON, PLAINTIFF-APPELLANT,
v.
LOUISA BOSWELL AND DONALD E. SHERWOOD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1952.
Decided February 26, 1952.
*96 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Samuel A. Gennet argued the cause for appellant.
No appearance for defendants-respondents.
The opinion of the court was delivered by JAYNE, J.A.D.
This action has the complexion of a test case presented in its comparative or contrastive relation to that of Kelleher v. Lozzi, 7 N.J. 17 (1951). It must be acknowledged that the influence of a legal rule enunciated in a presidential case is measured in accordance with whether it does or does not "fit" the case at bar. Each decision should always be recognized in the light of its coherence with the factual circumstances of the case it decides.
A chronological narrative of the notable occurrences will reveal the ingredients of the situation with which we are concerned.
On December 23, 1949, a collision occurred on Teaneck Road at its intersection with Cedar Lane at Teaneck, New Jersey, between a motor vehicle owned by Oscar Isaacson and an automobile owned by Louisa Boswell and operated by her agent Donald E. Sherwood, in which mishap both vehicles were damaged. In May, 1950, an action was instituted by Louisa Boswell to recover from Isaacson compensatory damages for the injury to her automobile. The action was discontinued in pursuance of a stipulation of dismissal signed *97 by Messrs. Hein & Smith as attorneys of the plaintiff and by one Wilbur C. Sickinger, an adjuster employed by the New York Casualty Company, on behalf of the defendant, Isaacson.
On February 7, 1951, Isaacson, through his attorney, Mr. Samuel A. Gennet, instituted the present action against Louisa Boswell and the driver Sherwood in quest of the recovery of the property damage he sustained in consequence of the collision. Upon motion, preliminary to trial, made on behalf of these defendants, a judgment dismissing the action was entered on June 7, 1951.
Testimony was taken incident to the hearing of the motion and in the interest of precision we quote the following excerpts from the statement of the uncontroverted evidence submitted to us for consideration in the determination of the present appeal:
"* * * Seymour A. Smith, Esq., testified that he was an attorney at law of the State of New Jersey and that he, on behalf of Louisa Boswell, instituted a suit against Oscar Isaacson; that said suit was instituted in the Bergen County District Court and bore docket number 9616; that after service of the Summons and Complaint upon the defendant, negotiations were conducted with the New York Casualty Co. and the claim on behalf of Louisa Boswell to Oscar Isaacson was settled; that a general release from Thomas Boswell and Louisa Boswell to Oscar Isaacson was prepared under his direction and submitted to the New York Casualty Co. along with a Stipulation of Dismissal bearing the signature of Hein & Smith, attorneys for the plaintiff; and that thereafter he received a draft of the New York Casualty Co. in the sum of $54.00 in settlement of this claim. The original release signed by Thomas Boswell and Louisa Boswell was offered and received in evidence. * * *
Oscar Isaacson testified that he was the plaintiff in the instant case; that on December 23, 1949, he had become involved in an automobile collision with a motor vehicle owned by Louisa Boswell and operated by Donald E. Sherwood; that pursuant thereto, he had authorized his attorney, Samuel A. Gennet, to institute suit against the above named for recovery of the damages sustained; he also testified that at a previous date which he did not remember, he was served with a Summons and Complaint in a District Court suit instituted by Louisa Boswell against him; that he turned this Summons and Complaint over to his insurance broker for additional proceedings and thereafter heard nothing further regarding the same; that he has never been consulted by his insurance broker for additional facts *98 nor had he ever been consulted by his insurance company, the New York Casualty Co. with regard to settlement negotiations in that suit; that he had never authorized his insurance company to make any settlement; that he himself had never offered any settlement; that he knew of no negotiations toward settlement nor was he ever consulted in any manner regarding the handling of the suit pending against him. He also testified that he never spoke to Wilbur Sickinger; that, in fact, prior to May 17, 1951, he never heard of the name Wilbur C. Sickinger.
John M. McNamara testified that he was employed as Claims Manager of the New York Casualty Co.; that his company issued a policy of liability insurance to the plaintiff. Oscar Isaacson; that the policy was in effect on December 23, 1949; that the policy was a standard form policy issued to the plaintiff and contained no endorsements affecting the coverage. He identified a specimen copy of a policy and testified that the policy issued to the plaintiff contained all of the provisions set forth in the specimen policy. The policy by stipulation between counsel, was offered and received in evidence and marked P-1, a copy of this specimen policy is annexed hereto and marked Schedule `C.' Mr. McNamara further testified that Wilbur C. Sickinger is an adjuster employed by the New York Casualty Co.; that on May 22, 1950, he was in receipt of the Summons and Complaint served on Oscar Isaacson, plaintiff, along with a letter for Mr. Isaacson's insurance broker, a photostatic copy of the letter and Summons and Complaint are annexed hereto and marked Schedule `D'; that settlement negotiations were conducted on behalf of the New York Casualty Co. and a settlement negotiated; that pursuant to the settlement negotiations, the New York Casualty Co. received the release marked Schedule `B.' annexed hereto and a Stipulation of Dismissal of the District Court Action, docket number 9616; that also pursuant to the settlement arrangements, a draft was forwarded to Hein & Smith, Esqs., attorneys for Louisa Boswell in the sum of $54.00 and the Stipulation of Dismissal was filed in the District Court Action, No. 9616, after same was signed by Wilbur C. Sickinger as attorney for the defendant."
We understand that Isaacson, the defendant in the former action, did not file therein any answer, counterclaim, or other pleading. While we do not regard it as a decisive circumstance, we note that there was therefore no existing issue projected by the pleadings in the former action relative to the contributory negligence of Sherwood imputable to Boswell or any existing counterclaim by Isaacson affirmatively based upon the alleged negligence of Sherwood.
We may also add that the instrument executed by Louisa Boswell and also by her husband was in the conventional *99 form of a general release embodying specific reference as well to "any and all injuries or claim for damages (against Isaacson) arising out of an automobile accident occurring on or about December 23, 1949." (Parenthetical insertion ours.)
The trial judge, entertaining the persuasion that the decision in Kelleher v. Lozzi, supra, was applicable and controlling, concluded that the plaintiff was estopped from prosecuting the present action.
We conclude that his ruling was unsustained by the evidence and that the application of the principle of estoppel to the factual circumstances of this case was erroneous. In expressing this conclusion we desire it to be clearly understood that we are influenced basically by the consideration of the adequacy or inadequacy of the evidence adduced at the hearing of the motion.
It was not made evident that the present plaintiff personally participated or cooperated in or, indeed, had any personal notice or knowledge of the settlement of the former suit nor that he thereafter ratified the stipulation of dismissal. The solitary point is whether by virtue of the terms of the policy of indemnity insurance he had conferred express or implied authority upon the insurance carrier and its adjuster to effectuate a settlement of the former action which would on his behalf embrace his affirmative cause of action against the plaintiff therein and if so, did the insurance company's adjuster in fact act in the pursuit of that authority.
The pertinent covenant of the insurance policy is here reproduced:
"As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall:
(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient." (Italics supplied.)
In the determination of the present appeal we need only state that where, as here, the liability insurer is contractually *100 obligated only to defend the specified actions instituted against the insured and reserves to itself in the fulfillment of that obligation the right to employ counsel of its own choice and to litigate or settle the action against the insured at its discretion, and the insured is not permitted by the contract to exercise any control over or to interfere with the insurer's management of the litigation or its settlement but is obligated to aid and cooperate with the insurer subordinately in the investigation, preparation, and presentation of the defense, and the insurer, as here, independently negotiated and effectuated a settlement without any knowledge whatever on the part of the insured, such facts of themselves do not constitute prima facie proof that the insurer acted as the agent of the insured in consummating the settlement. Vide, analogically, Haluka v. Baker, 66 Ohio App. 308, 34 N.E.2d 68 (Ct. App. 1941); Ross v. Stricker, 85 Ohio App. 56, 88 N.E.2d 80 (Ct. App. 1949), reversed on other grounds, 153 Ohio St. 153, 91 N.E.2d 18 (Sup. Ct. 1950); Countryman v. Breen, 268 N.Y. 643, 198 N.E. 536 (Ct. App. 1935); Foremost Dairies v. Campbell Coal Co., 57 Ga. App. 500, 196 S.E. 279 (Ct. App. 1938); Burnham v. Williams, 198 Mo. App. 18, 194 S.W. 751 (Ct. App. 1917); Attleboro Mfg. Co. v. Frankfort Marine, &c., Ins. Co., 240 F. 573 (C.C.A. 1917); Jetton v. Polk, 68 S.W.2d 127 (Ct. App. Tenn. 1933); De Carlucci v. Brasley, 16 N.J. Super. 48 (Law Div. 1951).
The judgment is reversed.