Orville L. WIEDING, Appellant,

v.

Mrs. Lydia KRISCH, Appellee.

No. 12726.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 22, 1954.

House, Mercer & House, Roy C. Brock, San Antonio, for appellant.

O. Shelley Evans, San Antonio, for appellee.

POPE, Justice.

One question is presented by this appeal. When an insured person sues a third person, is his claim destroyed when his liability insurer, unknown to the insured, takes a release from the third person upon settlement of a claim by the third person against the insured? The trial court held that the release was not a bar to the insured's suit against the third person and gave the plaintiff judgment for $375.50.

The driver of Mrs. Lydia Krisch's automobile collided with the vehicle operated by Orville L. Wieding on July 31, 1953. She filed suit for damages to her vehicle in September, 1953, and on September 17th Wieding filed a general denial. On November 30th the defendant, Wieding, amended his answer and pleaded that he had received $1,000 from Lydia Krisch, "through her representatives," and that in consideration of that sum he, Wieding, on October 28th, executed a release to Mrs. Krisch from all claims against her arising out of the collision. Wieding pleaded that Mrs. Krisch, by paying him $1,000 for his claim against her, should thereafter be forbidden to assert that he was at fault. The trial court gave Mrs. Krisch judgment despite the release.

Mrs. Krisch, until the amended answer was filed, knew nothing about any settlement with Wieding, nor, so far as this record shows, that Wieding had ever asserted she was at fault, even though she had a suit then pending against him. The record shows that she had liability insurance and that shortly after the collision the insurance company cancelled her policy. It shows that an adjuster asked her the amount of her ambulance, medical and hospital bills, and paid her those sums. It shows that she in no way participated in the settlement, and that she was neither consulted nor informed of any pending or concluded settlement of any claim against her. The record shows that the defendant, while the suit was pending, executed a release of a claim against Mrs. Krisch, delivered it to the insurer, and then pleaded his release as a bar to Mrs. Krisch's claim that he was at fault.

The essence of the defense is that Mrs. Krisch, through her representative, would not have paid $1,000 unless she, rather than Wieding, was at fault. The trial court properly disregarded the defense. Mrs. Krisch at no time authorized any representative to settle any claim she had against others. In Texas the standard form of policy includes a paragraph which authorizes an insurer to "defend any suit against the insured * * * even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim as it deems expedient." The clause authorizes an insurer to protect itself and its insured by paying out its money, and making settlement only of those claims that are against the insured. The point has been decided in Texas, Hurley v. McMillan, Tex.Civ.App., 268 S.W.2d 229, and in several other states in accord with the trial court's judgment. The rule is summed up in 6 Berry, Law of Automobiles, § 623:

"The fact that the company's adjuster settled a claim made against the insured for damages to a machine which collided with the insured's machine, the accident being due to the fault of the claimant, does not bar insured from recovering from him for damages to his machine, insured having nothing to do with making the settlement, and being prohibited by the policy from interfering therewith."

460

Several authorities place their decisions on the ground of lack of authority on the part of the insurer to settle claims that the insured may have against others. Fikes v. Johnson, 220 Ark. 448, 248 S.W.2d 362, 32 A.L.R.2d 937; Foremost Dairies v. Campbell Coal Co., 57 Ga.App. 500, 196 S.E. 279; Burnham v. Williams, 198 Mo.App. 18, 194 S.W. 751; Perry v. Faulkner, 98 N.H. 474, 102 A.2d 908; Isaacson v. Boswell, 18 N.J.Super. 95, 86 A.2d 695; De Carlucci v. Brasley, 16 N.J.Super. 48, 83 A.2d 823; Utterback-Gleason Co. v. Standard Accident Insurance Co., Sup., 179 N.Y.S. 836, 840; Jetton v. Polk, 17 Tenn.App. 395, 68 S.W.2d 127, 130.

The situation before us is to be distinguished from instances where the insured, by knowledge of and participation in a settlement, effects an estoppel. Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001; Long v. Union Indemnity Co., 277 Mass. 428, 178 N.E. 737, 79 A.L.R. 1116; Kelleher v. Lozzi, 7 N.J. 17, 80 A.2d 196.

The judgment is affirmed.