GUSTAVE OCHS, PLAINTIFF IN ERROR, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT IN ERROR.

Submitted March 22, 1911.—Decided June 19, 1911.

1. Where one suffers injuries to his person and also to his property from the same negligent act of the defendant, two distinct causes of action exist, and a recovery for the injury to the property is not a bar to a subsequent action for the injury to the person.
2. The cause of action is not the negligent act but the consequences following it, for to support an action there must be not only the negligent act but a consequential injury; the injury being the gravamen of the charge.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 148.

For the plaintiff in error. *Benjamin M. Weinberg.*

For the defendant in error, *Leonard J. Tynan.*

The opinion of the court was delivered by

BERGEN, J.. The plaintiff, while driving in his carriage, was run down by a trolley car of the defendant, the consequence being that the horse, wagon and person of the plaintiff were injured. The plaintiff recovered in an action for the injury to the horse and carriage, and thereafter brought suit for his personal injuries in which a motion for nonsuit was made and refused. The ground of the motion was "that the former suit, to wit, for property damaged, was a bar to the recovery in this suit for personal injuries arising out of the same accident." The plaintiff, having judgment in the second suit, an appeal was taken to the Supreme Court where the judgment below was reversed and the rule applied "that a single wrongful act can give rise to but one cause of action, though it may result in different injuries, or injuries to different rights, as the cause of action grows out of the act itself, and not out of its results." This rule rests primarily upon the conclusion that all injurious results from a single negligent act constitute but one cause of action, and the rule has the support of authorities entitled to serious consideration, but courts of equal learning and experience have held that there is a distinction to be made, and also that the resultant injury and not the negligent act is the ground of action. As the question is now before this court for the first time, we are at liberty to adopt the rule of law which appears to us to be most logical and reasonable, and we are of opinion that there is a clear distinction between the two classes of injuries, and that it is the injury and not alone the negligent act which gives rise to the right of action, for a negligent act is not in itself actionable, and only becomes the basis when it results in injury to another. In order to support an action there must be not only the negligent act, but a consequential injury which is the gravamen of the charge, and this distinction between the negligent act and its consequences is recognized in deciding when a cause of action arises in cases where the bar of the statute of limitations is interposed.

In *Roberts* v. *Read,* 16 *East* 215, the action was based on the throwing down of a stone wall which resulted from the

wrongful act of the defendants as public officers, committed at a time so long before the wall fell as to entitle defendants to the benefit of a special act of limitation if the cause of action arose when the wrongful act was committed, and Lord Ellenborough said: "It is sufficient that the action was brought within three months after the wall fell, for that is the gravamen; the consequential damage is the cause of action in this case." *Delaware and Raritan Canal Co.* v. *Wright,* 1 *Zab.* 469; *Church of Holy Communion* v. *Paterson Extension Railroad Co.,* 37 *Vroom* 218.

That our legislature has recognized a distinction between the right to recover for injuries to property and those to the person is indicated by its course of legislation, for it has created a different period of limitation within which suits may be brought to recover damages for the respective injuries; it has made a claim for injury to property assignable, but declined to do so as to claims for personal injuries, and if the personal injury result in death, the right of action survives, by statute, for the benefit of the next of kin, while the right to recover for the injury to the property is preserved for the benefit of the estate of the decedent. These divers statutes concerning limitations, assignability of rights of action, methods of enforcement and distribution of proceeds, are not consistent with a legislative intent that a single wrongful act gives rise to but one cause of action for different injuries, or injuries to different rights, such as are present in the cause under review. The enforcement of the two rights are made subject to such varying conditions that an inference may justly be drawn that the legislature considered that there was a plain distinction between them and legislated for each from that point of view.

We are of opinion that where injury is caused to property and person by the same negligent act, distinct causes of action exist, and therefore a judgment in one cause is not a bar to an action to recover in the other. This view is supported by *Brunsden* v. *Humphrey,* 14 *Q. B. Div.* 141; *Reilly* v. *Sicilian Asphalt Paving Co.,* 170 *N. Y.* 40, and *Watson* v. *Texas & P. Ry. Co.,* 8 *Tex. Civ. App.* 144.

The judgment of the Supreme Court is reversed, and the judgment of the District Court affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, BOGERT, CONGDON, SULLIVAN, JJ.   10.