*For reversal*—TRENCHARD, PARKER, CASE, BODINE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 9.

ELIZABETH SMITH, PLAINTIFF-RESPONDENT, v. RED TOP TAXICAB CORPORATION AND ARTHUR WHOLER, DEFENDANTS-APPELLANTS.

Submitted May 26, 1933—Decided October 16, 1933.

440

For the appellant, *William E. Holmwood* (*Frank J. Brunette, Jr.,* on the brief).

For the respondent, *William L. Greenbaum* and *Isadore Zuckerman.*

The opinion of the court was delivered by

HEHER, J. Plaintiff-respondent suffered personal injuries as the result, it is claimed, of the negligent operation of a motor vehicle, owned by the corporate defendant, and driven by its servant and co-defendant, Wholer. To recover the consequent damages, she brought two actions in the First District Court of the city of Newark. In each she demanded damages in the sum of $500. In one she alleged bodily injuries, with resultant "pain and mental anguish." In the other she averred that, as a consequence of the bodily injuries, she was compelled to "hire the services of a physician and purchase medicines in an endeavor to" effect a cure of her injuries, and, additionally, suffered a loss of income from her usual occupation during the period of physical disability. The summonses were tested the same day, and the actions were tried together.

Defendants moved, at the trial, for the dismissal of both suits, upon the ground that "they represented but one cause of action, and that the plaintiff did not have the right to institute two suits thereon, one for personal injuries and the other for property damage." The motion was denied. Judgments were entered in favor of the plaintiff, in the first-mentioned cause for $350, and in the second for $250. Appellants now urge that, for the reason assigned, there was error in the denial of the motion to dismiss the suits.

No principle of law is more firmly established than that a

single or entire cause of action cannot be subdivided into several claims, and separate actions maintained thereon. This rule applies to causes of action arising *ex delicto*. Ordinarily, a single wrongful act affecting a single person gives rise to but one cause of action, for which only one action can be maintained. *Leggett* v. *Lippincott,* 50 *N. J. L.* 462; *Reilly* v. *Sicilian Asphalt Paving Co.,* 170 *N. Y.* 40; 62 *N. E. Rep.* 772; *Baltimore Steamship Co.* v. *Phillips,* 274 *U. S.* 316; 47 *Sup. Ct.* 600; 71 *L. Ed.* 1069; *McKnight* v. *Minneapolis Street Railway Co.,* 127 *Minn.* 207; 149 *N. W. Rep.* 131; *L. R. A.* (1916), D 1164; *Perry* v. *Louisville and Nashville Railroad Co.,* 199 *Ky.* 396; 251 *S. W. Rep.* 202; 39 *A. L. R.* 560; 1 *R. C. L.* 341 *et seq.;* 1 *C. J.* 1106, 1116. But where there are distinct and separate causes of action, separate actions may be maintained. There is a conflict in the authorities as to the proper rule for determining whether there is one or several causes of action. Some of our sister jurisdictions have ruled that an injury to person and property creates but a single cause of action. The argument in support of that view seems to be that, as the defendant's wrongful act was single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong. *Reilly* v. *Sicilian Asphalt Paving Co., supra; Doran* v. *Cohen,* 147 *Mass.* 342; 17 *N. E. Rep.* 647; *King* v. *Railroad Co.,* 80 *Minn.* 83; 82 *N. W. Rep.* 1113; 50 *L. R. A.* 161; *Von Fragstein* v. *Windler,* 2 *Mo. App.* 598.

But the rule is otherwise in this state. This court has held that where injury is caused to person and property by the same negligent act, distinct causes of action exist, and therefore a judgment in one cause is not a bar to an action to recover in the other. *Ochs* v. *Public Service Railway Co.,* 81 *N. J. L.* 661; 80 *Atl. Rep.* 495; 36 *L. R. A.* (*N. S.*) 240. Mr. Justice Bergen, in holding that there was a clear distinction between the two classes of injuries, pointed to the recognition of the distinction by the legislature, in prescribing a different period of limitation within which suits may be brought to recover damages for the respective injuries, in

making a claim for injury to property assignable, but declining to do so as to claims for personal injuries, and in creating, in case personal injury results in death, a right of action for the benefit of the next of kin, while the right to recover for the injury to property is vested in the estate of decedent. He observed: "These divers statutes concerning limitations, assignability of rights of action, methods of enforcement and distribution of proceeds, are not consistent with a legislative intent that a single wrongful act gives rise to but one cause of action for different injuries, or injuries to different rights, such as are present in the cause under review. The enforcement of the two rights are made subject to such varying conditions, that an inference may justly be drawn that the legislature considered that there was a plain distinction between them and legislated for each from that point of view."

The New York Court of Appeals pointed to similar legislative enactments as recognizing an essential difference between injury to the person and injury to property. *Reilly* v. *Sicilian Asphalt Paving Co., supra.* Moreover, as stated by Judge Cullen in the opinion in that case, "the history of the common law shows that the distinction between torts to the person and torts to property has always obtained. Lord Justice Bowan, in the Brunsden case (*Brunsden* v. *Humphrey,* 14 *Q. B. Div.* 141), has pointed out that there is no authority in the books for the proposition that a recovery for trespass to the person is a bar to an action for trespass to goods, or *vice versa.*" Judge Cullen concluded that because "of the great difference between the rules of law applicable to injuries of the person and those relating to injuries to property, * * * an injury to person and one to property, though resulting from the same tortious act, constitute different causes of action."

The case of *Ochs* v. *Public Service Railway Co., supra,* furnishes the *ratio decidendi.* The tortious act gives rise to separate and distinct causes of action only when it results in injury to both person and property. That is not the case here. Recovery in the one action was sought for personal injuries, and in the other for items of damage consequent

thereon. Recovery in the latter action was sought not for damages resulting directly to property from the negligent act, but the losses proximately flowing from the personal injuries. Such a cause of action is single, entire and indivisible. The gravamen of the action is a trespass to the person, not a trespass to goods. There is no rational basis for its subdivision into several parts. It is not a natural or logical classification. It was an arbitrary splitting of the cause of action. The manifest object was to circumvent the statutory provision limiting the jurisdiction of the District Court. This is not a permissible practice. It is contrary to sound public policy. The rule against splitting causes of action was devised to prevent repeated litigation between the same parties in regard to the same subject of controversy, and to avoid the inconvenience and expense incident to numerous suits. The claimant is not at liberty to split up his demand, and prosecute it by piecemeal. There would be no end to litigation if such a practice were tolerated. *Baltimore Steamship Co.* v. *Phillips, supra.*

In an action for a personal injury, the plaintiff is entitled to recover compensation, so far as it is susceptible of an estimate in money, for the loss and damage caused to him by the defendant's negligence, including not only expenses incurred for medical attendance, and a reasonable sum for his pain and suffering, but also a fair recompense for the loss of what he would otherwise have earned in his trade or profession and has been deprived of the capacity of earning by the wrongful act of the defendant. *Vicksburg and Meridian Railroad Co.* v. *Putnam,* 118 *U. S.* 545; 7 *Sup. Ct.* 1; 30 *L. Ed.* 257. The personal injury is the gist of the action. The other elements of damage are incidents only of this main cause of action. The loss of time and diminution of earning power, in consequence of personal injuries, are to be considered in estimating the damages, but are not classified as property damage. *Sibley* v. *Nason,* 196 *Mass.* 125; 81 *N. E. Rep.* 887; 12 *L. R. A.* (*N. S.*) 1173; *Mahoney* v. *Boston Elevated Railway,* 221 *Mass.* 116; 108 *N. E. Rep.* 1033.

Nor can disbursements made for physicians' services be

properly classified as damage to property, so as to make the cause of action divisible. They are made necessary in the treatment of the personal injuries sustained, and are damages directly flowing therefrom. In such case claimant does not suffer injury both to his person and his property by the same wrongful act. As pointed out, the gist of the action is a trespass to the person, not a trespass to goods. And these are clearly not items of damage resulting from a trespass to goods.

In the case of *Sodowich* v. *Heimert,* 108 *N. J. L.* 59; 154 *Atl. Rep.* 609 (affirmed without opinion, 109 *N. J. L.* 265; 160 *Atl. Rep.* 635), the demand included damage to clothing, and an examination of the record discloses that the parties stipulated that "only *property* damage was to be claimed." It is therefore not an analagous case.

It follows, from the foregoing, that plaintiff could not thus split the cause of action, and that the prosecution of two suits therefore was vexatious. The rule is that, in those circumstances, the suit instituted second in point of time will be abated, if the court can ascertain which is the second, and if it cannot, both will abate. *Dengler* v. *Hays,* 63 *N. J. L.* 14. But the plaintiff may, in such situation, cure the difficulty by electing to prosecute one of the two actions, and dismiss the other.

Judgments reversed, and the causes remanded for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Case, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 13.