87 N.J. Super. 486 (1965)
210 A.2d 78
ITALO J. FALCONE, PLAINTIFF-APPELLANT,
v.
MIDDLESEX COUNTY MEDICAL SOCIETY, AN UNINCORPORATED ASSOCIATION, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1965.
Decided May 6, 1965.
*487 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Edward G. D'Alessandro argued the cause for appellant (Messrs. Friedman & D'Alessandro, attorneys).
Mr. John E. Toolan argued the cause for respondent Middlesex County Medical Society (Messrs. Toolan, Haney & Romond, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
The Superior Court, Law Division, granted summary judgment, on motion of defendant medical society, dismissing so much of count one and count two of the complaint as sought damages to and including July 21, 1960. Summary judgment for the dismissal of count three was denied. Count four of the complaint applies only to defendant hospitals, not defendant medical society, and was not involved in the motion for summary judgment.
Plaintiff appealed, by leave of the court, from the partial dismissal of the first two counts as aforesaid, and defendant medical society was permitted to cross-appeal from the denial of dismissal of the third count. The cross-appeal was withdrawn *488 at oral argument. It is, therefore, dismissed without further comment. We consider only the propriety of the partial dismissal of the first two counts of the complaint.
The judgment is affirmed essentially for the reasons expressed by Judge Molineux in his opinion, 82 N.J. Super. 133 (Law Div. 1964), as supplemented herein.
Licensed in 1950 to practice medicine and surgery in New Jersey, plaintiff applied in 1953 to be admitted as a member of defendant medical society, was admitted thereafter as an "associate" member, and continued as such until November 29, 1956, when he applied for "active" membership and was declared ineligible for membership because he had been "licensed to practice as a Doctor of Osteopathy and not as a Doctor of Medicine."
A complaint in a proceeding in lieu of prerogative writs was filed by plaintiff in the Law Division on September 22, 1958 against defendant medical society alone, and plaintiff alleged therein, inter alia, that as a consequence of defendant's conduct in not admitting him to active membership there "has been an impairment of the plaintiff's right to earn a livelihood and to obtain the economic advantages to which he was justly entitled." Plaintiff prayed for judgment:
"First: Directing the defendant to admit the plaintiff as an active member of the defendant.
Second: To adjudicate the plaintiff's rights with respect to the grievances alleged in this complaint.
Third: For such other judgment as may be just and legal."
The pretrial order also asserted that, by reason of the action of defendant society, plaintiff had been precluded from practicing his profession or having his patients admitted in two of the hospitals in the county, and he sought "the aid of the court, because the action of the defendant seriously curtails his ability to practice medicine to the best advantages." However, under the subdivision wherein plaintiff is required to specify all claims as to damages, the recital in the pretrial order stated simply: "Not applicable." The only issue specified *489 was: "Whether this association can be compelled to admit this plaintiff as one of its members?"
The case was tried before the late Judge Vogel. Plaintiff offered no proof as to damages as such, evidently being content to press only his claim for membership in defendant medical society. However, Judge Vogel, in upholding plaintiff's right to be admitted to full membership, noted in his opinion, 62 N.J. Super. 184, 200 (Law Div. 1960), that plaintiff had "suffered substantial injury by virtue of his exclusion from the defendant society." Despite this, plaintiff made no motion to amend the pleadings or pretrial order to assert specifically a claim for damages. Judge Vogel's judgment, directing defendant society to admit the plaintiff to full membership, was entered on July 21, 1960.
The judgment was affirmed by the Supreme Court on May 8, 1961. 34 N.J. 582. In September 1961, plaintiff was admitted to membership in defendant society.
The present suit was filed on February 7, 1962 and, as noted above, is in four counts, in each of which plaintiff seeks compensatory and punitive damages. Counts one and two, with which we are solely concerned, cover the period between November 29, 1956, when plaintiff was declared ineligible for active membership in defendant society, and September 1961 when, pursuant to the Supreme Court decision, plaintiff was reinstated as a member of defendant's society. Count one charges the society with wrongfully excluding plaintiff from membership during that period. Count two charges the society and defendant hospitals with conspiracy to effect that result and to cause plaintiff's removal from the staffs of defendant hospitals. Though counts one and two embrace the period from November 29, 1956 to September 1961, the summary judgment under review bars plaintiff's right to seek damages only to July 21, 1960, when Judge Vogel's judgment was entered. So far as we know, there was no stay of this judgment.
In his original suit, in the nature of mandamus, to compel defendant society to admit him to membership, plaintiff *490 asserted that his exclusion from membership was wrongful and constituted a serious impairment of his right to earn a livelihood and to obtain the economic advantages to which he was justly entitled. He could have pressed a claim for damages therein, in addition to the specific relief sought. There was but a single wrong, namely, the exclusion from membership, and plaintiff was obliged to seek his entire relief for that wrong in the one action. Applestein v. United Board & Carton Corp., 35 N.J. 343, 356 (1961), and cases cited therein.
Plaintiff argues that if he had joined a claim for money damages in his original suit, trial thereof would have probably been deferred until the basic issue of his right to membership had first been resolved. From this premise he reasons that he was only doing belatedly in a separate action what he might have done in the first suit, and hence should not be precluded from doing so. He also asserts that there was some uncertainty at the time as to whether he could seek damages in a proceeding in lieu of prerogative writs.
Plaintiff's argument ignores the sound public policy underlying the requirement that a suitor must seek all the relief to which he is entitled by reason of a defendant's wrong in one action. The fragmentizing of a cause of action, involving a single wrong, by separate suits advancing separate claims for redress from the same wrong, unduly burdens the judicial administration and unfairly subjects a defendant to unwarranted additional expense and aggravation. This defendant might not have fought the issue of plaintiff's claim to membership in its society, if a claim for damages had been specifically asserted in the original suit. It had a right to assume that plaintiff was seeking as the sole relief for the alleged wrong admission to membership in the society, and that it would not be subjected to further claims thereafter for that same wrong.
Plaintiff contends, further, that R.R. 4:31-1 merely permits a joinder of independent or alternate claims, as indicated by the permissive word "may," but does not make such *491 a joinder mandatory. That may be true, but the rule does not alter the established decisional law of our State that:
"The sound administration of a judicial system requires that all facets of a single dispute between parties be completely determined in one action. * * * To implement this policy of judicial administration, we have held that a defendant must assert all matters which will defeat a claim against him and a plaintiff must seek complete relief for vindication of the wrong he charges." (Emphasis added) Applestein, supra, 35 N.J., at p. 356.
Such was the established rule in this State even before Applestein and before plaintiff filed his original suit in 1958. See Massari v. Einsiedler, 6 N.J. 303, 307 (1951), and Ajamian v. Schlanger, 14 N.J. 483, 485 (1954). One of the great objectives of the Constitution of 1947, and of the practice implementing it, was to avoid "duplicitous litigation," Donnelly v. Ritzendollar, 14 N.J. 96, 105 (1953), and a "multiplicity of litigation," In re McFeely's Estate, 8 N.J. 9, 14 (1951). See Curley v. Curley, 37 N.J. Super. 351, 359 (App. Div. 1955).
It was also well established prior to plaintiff's 1958 action that demands for conventional forms of relief, such as injunctions and money damages, could be joined in proceedings in lieu of prerogative writs. Pellet v. Board of Com'rs of Mayor and Council of City of Hoboken, 4 N.J. Super. 259 (App. Div. 1949); Garrou v. Teaneck Tryon Co., 11 N.J. 294, 304-305 (1953); Thornton v. Village of Ridgewood, 17 N.J. 499 (1955). See, too, 2 Schnitzer and Wildstein, N.J. Rules Service, A IV-930.
The trial court properly decided that the just and expeditious determination in a single action of the ultimate merits of the entire controversy between the litigants required plaintiff to assert his claim for and prove his damages in the 1958 action, and his failure to do so precluded him from making claim by separate action for money damages suffered, if any, prior to entry of judgment in that action on July 21, 1960.
The judgment is affirmed. No costs.