100 N.J. Super. 495 (1968)
242 A.2d 652
HUMBLE OIL & REFINING CO., A DELAWARE CORPORATION, PLAINTIFF-APPELLANT,
v.
DAGNEY G. CHURCH, DEFENDANT-RESPONDENT, AND GEORGE M. GALE, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1968.
Decided April 30, 1968.
*496 Before Judges GAULKIN, LEWIS and KOLOVSKY.
*497 Mr. Richard E. Arvidson argued the cause for appellant (Messrs. Schneider & Morgan, attorneys).
Mr. Louis Ruprecht argued the cause for respondent (Messrs. Gaffey, Webb & McDermott, attorneys).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
On August 3, 1964 a truck and trailer owned by plaintiff Humble Oil & Refining Co. (Humble) and automobiles owned and driven by defendants Church and Gale collided. Eileen A. Keiffer, a passenger in the Church automobile, was killed.
In late 1964 or early 1965 a negligence action was instituted under the Death Act against Church, Gale, plaintiff herein and its driver to recover damages for Mrs. Keiffer's death. The only cross-claims asserted by defendants in that action were claims for contribution under the Joint Tortfeasors Contribution Law (N.J.S. 2A:53A-1 et seq.).
The Keiffer action was settled and on June 13, 1968 a consent judgment for $25,000 without costs was entered in favor of Mrs. Keiffer's administrator ad prosequendum against Church, plaintiff herein and its driver. The complaint was dismissed as to Gale.
On October 13, 1966 plaintiff instituted the present negligence action against Church and Gale to recover for damage to its truck and trailer. Church moved to dismiss the complaint for "failure to state a claim upon which relief can be granted." In fact, the motion was dealt with as a motion for summary judgment, R.R. 4:12-2, the parties and the court relying on matters outside the pleadings, viz., the prior Keiffer action, its settlement and the entry of the consent judgment therein. Church's motion was granted. Plaintiff appeals.
Initially we note that the order appealed from is not a final judgment from which an appeal lies of right. The action still pends undetermined against defendant Gale. However, under the circumstances and since the parties have *498 argued the appeal on the merits, we deem it advisable to grant plaintiff leave to appeal nunc pro tunc and to reach the merits of the controversy.
The trial court gave two reasons for its ruling:
"1. The consent judgment entered in the [Keiffer action] * * * was an admission of negligence and precluded Plaintiff herein from now taking the position it was free of negligence. Public Service Electric & Gas Co., Inc. v. Waldroup, 38 N.J. Super. 419 (App. Div. 1955).
2. The accident which forms the basis of this suit was in litigation in the prior suit and the Plaintiff herein may not now seek to do what it could have done in the prior suit. Falcone v. Middlesex County Medical Society, 87 N.J. Super. 486, 490, 491 (App. Div. 1965)."
We find neither reason valid and reverse.
Defense of the Keiffer action was furnished Humble and its driver by Humble's insurance carrier, as called for by its liability insurance policy. The policy provided, inter alia, that the insurance company might "make such investigation, negotiation and settlement of any claim or suit as it deems expedient," and that the insured should cooperate with the carrier and assist, among other things, "in effecting settlements."
Settlement of the Keiffer action was effectuated by the insurance company. There is no proof that Humble's approval thereof was either sought or obtained and nothing to suggest that "the insurer acted as the agent of the insured in consummating the settlement." Isaacson v. Boswell, 18 N.J. Super. 95, 99 (App. Div. 1952). Nor are those facts to be inferred from the circumstance that about a month prior to the settlement of the Keiffer action Humble retained for prosecution of its property damage claim the same firm of attorneys as the insurance company had designated to defend Humble and its driver in the Keiffer action.
The insurance company, not Humble, authorized settlement of the Keiffer action  this under its reserved power to make "such settlement of any claim or suit as it deems *499 expedient." In consummating the settlement the attorneys acted under authority granted not by Humble but by the insurance company.
The insurance company's settlement of the Keiffer action does not preclude Humble from prosecuting the present action for property damage allegedly caused by defendants' negligence. Klotz v. Lee, 36 N.J. Super. 6 (App. Div. 1955), appeal dismissed 21 N.J. 148 (1956); Isaacson v. Boswell, supra.
We hold that the rule of Klotz v. Lee is applicable even though the mechanics of settlement adopted in the Keiffer case included entry of a consent judgment in favor of the administrator ad prosequendum against Church, Humble and its driver and filing of a warrant for satisfaction thereof instead of, as in Klotz, execution of a release without entry of a consent judgment.
Public Service Elec. & Gas Co. v. Waldroup, 38 N.J. Super. 419 (App. Div. 1955), upon which the trial court relied, is inapposite. That case involved a consent judgment which had been entered on settlement of a negligence action in which Public Service was the sole defendant and a subsequent action instituted by Public Service seeking common law indemnification. The court held that the consent judgment constituted an admission or judicial determination of negligence, applying the doctrine of collateral estoppel.
That doctrine has no relevancy here where the settlement and the consent judgment concerned only the Keiffer claim and not such independent claims as defendants therein might have against each other and where the decision to use the device of a consent judgment was made by Humble's insurance company, not by Humble.
We do not agree with the trial court that plaintiff's failure to assert its property damage claim in addition to its claim for contribution in the cross-claim filed by it in the Keiffer action bars the maintenance of the present action. The "entire controversy" doctrine (see Falcone v. Middlesex County *500 Med. Soc., 87 N.J. Super. 486 (App. Div. 1965), affirmed 47 N.J. 92 (1966)) is inapplicable.
A property damage claim, a personal injury claim and a claim for contribution under the Joint Tortfeasors Contribution Law constitute separate claims for relief even though they all arise by reason of one tortious incident. Joinder of such claims is permissive, not mandatory. R.R. 4:31-1; Ochs v. Public Service Railway Co., 81 N.J.L. 661 (E. & A. 1911); Smith v. Fischer Baking Co., 105 N.J.L. 567, 568 (E. & A. 1929); Sodowich v. Heimert, 108 N.J.L. 59, 60 (Sup. Ct. 1931), affirmed o.b. 109 N.J.L. 265 (E. & A. 1932); Smith v. Red Top Taxicab Corp., 111 N.J.L. 439, 441 (E. & A. 1933).
The rule of the Ochs case has been adhered to in the later decisions of our highest court cited supra, with full realization that the rule in a number of other states is to the contrary. See Smith v. Red Top Taxicab Corp., supra, 111 N.J.L., at p. 441.
The Ochs rule is the law of this State. We as an intermediate appellate court are bound by it. Bacon v. Atlantic City Transp. Co., 72 N.J. Super. 541, 547 (App. Div. 1962), affirmed o.b. 38 N.J. 529 (1962). Further, we do not agree with the suggestion in Reardon v. Allen, 88 N.J. Super. 560, 563 (Law Div. 1965), that the rule of Ochs should be modified or repudiated.
The order dismissing the complaint as to defendant Church is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.