SENTRY INSURANCE COMPANY, PLAINTIFF-APPELLANT, v.
EDWARD CROPSKI, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 26, 1987—Decided June 8, 1987.

Before Judges R.S. COHEN and SEIDMAN.

*Starkey, Kelly, Blaney & White,* attorneys for appellant (*Robert A. Ballou, Jr.,* of counsel and on the brief).

No brief was filed on behalf of respondent.

The opinion of the court was delivered by

SEIDMAN, J.A.D. (Retired and Temporarily Assigned on recall).

Sentry Insurance Company appeals from an order entered in the Law Division denying its motion to dismiss "the Defendant's arbitration claim." We glean from the sketchy record before us that its insured, Edward Cropski, filed with the American Arbitration Association a demand for arbitration of his claim for benefits under the uninsured motorist provisions of his automobile policy. He sought to recover for bodily injuries sustained in a motor vehicle accident that involved his and two other identified automobiles and, allegedly, a "phantom" vehicle.

The insurer filed a verified complaint in which it asserted that since a civil action had been litigated involving the same parties and facts and arising out of the same set of circumstances, "this Arbitration should be dismissed Res Judicata." An order was obtained directing the insured to show cause why the arbitration should not be dismissed. The trial judge, on the return day, refused to restrain the arbitration proceedings; and, thereafter, denied a motion for reconsideration.

Although we do not have a transcript of the prior trial, we deduce the following from the colloquy during the argument in

the Law Division: The insured, who apparently was the plaintiff, contended that, as he was driving along the middle lane of a three-lane highway, he came upon an unidentified vehicle which was to the rear of a disabled vehicle that was stopped in the lane with its emergency lights on. It is not clear what happened to the unidentified automobile, except that it disappeared without striking the car ahead of it. The insured swerved his vehicle into the left lane, where it collided with another car. The liability of the three identified drivers was submitted to the jury. The insured was found to be 90% at fault. The second driver's negligence was fixed at 10%, and the third was found not negligent.

The insurer argues in its brief that its insured is barred by the entire controversy doctrine from further proceedings arising out of the accident, in that the liability of the "phantom" vehicle could have been litigated and determined at the time of his original action. We disagree and affirm the order on appeal.

R. 4:27–1(b) requires each party to an action to assert therein all claims that he may have against any other party thereto insofar as may be required by application of the entire controversy doctrine. This doctrine mandates "that all facets of a single dispute between parties be completely determined in one action." *Applestein v. United Board & Carton Corp.*, 35 *N.J.* 343, 356 (1961). See also *Gareeb v. Weinstein*, 161 *N.J. Super.* 1, 9 (App.Div.1978). It applies, however, to the parties in the action and has not been extended to require the joinder of non-parties whose presence is not indispensable. *Brown v. Brown*, 208 *N.J. Super.* 372, 377 (App.Div.1986); *Gareeb v. Weinstein, supra* 161 *N.J.Super.* at 10; *McFadden v. Turner*, 159 *N.J. Super.* 360, 370–371 (App.Div.1978).

Moreover, the insured's right to seek recovery in this case derives from the standard uninsured motorist provision in his policy. It is not disputed that arbitration is a remedy available to the insured to resolve disputes with the insurer

over the former's entitlement to recover damages or the amount of payment. We are aware of no case, and appellant's counsel has brought none to our attention, that would have required the insured to obtain a determination of the unidentified driver's negligence in the original action or face the loss of his policy benefits. The arbitration provisions of the insurance contract would be frustrated here if arbitration of the claim arising under the uninsured motorist endorsement were enjoined because of the prior lawsuit arising out of the same occurrence. *See N.J. Manu. Ins. Co. v. Haran,* 128 *N.J. Super.* 265 (App.Div.1974).

Affirmed.