279 N.J. Super. 652 (1995)
653 A.2d 1190
JOSEPH PREVRATIL AND LISA PREVRATIL, HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,
v.
GEORGE MOHR AND RICH HILL TRANSPORTATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 7, 1995.
Decided February 27, 1995.
*654 Before Judges LANDAU, CONLEY and NEWMAN.
Eric G. Kahn argued the cause for appellants (Javerbaum, Wurgaft & Hicks, attorneys; Kenneth S. Javerbaum, of counsel, and Mr. Javerbaum and Mr. Kahn, on the brief).
Modestino Carbone argued the cause for respondents (McDonald, Nathan & Carbone, attorneys; N. Nicholas Hendershot, on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
This is an appeal by plaintiffs Joseph Prevratil and his wife Lisa from an adverse judgment entered following a summary judgment motion instituted by defendants George Mohr and Rich Hill Transportation in plaintiffs' suit to recover personal injury damages alleged to arise from a three-vehicle accident on March 2, 1989. Summary judgment was rendered for defendants under the entire controversy doctrine after the judge first conducted a plenary Cafferata[1] hearing to resolve a disputed factual issue respecting plaintiffs' awareness of prior litigation, arising out of the same accident. We affirm.
*655 In the prior action, Joseph Prevratil and his employer were named defendants by Janet Olsen, the injured driver of one of the vehicles. The present defendants were also sued in the Olsen action.
Olsen's case was settled by stipulation of dismissal signed December 4, 1989, and filed January 26, 1990. An answer had been filed in that action on behalf of Prevratil and his employer by an attorney retained by the employer's motor vehicle liability carrier. Although their pleadings asserted a cross-claim for contribution, no cross- or counter-claims for personal injury were made on behalf of Prevratil in the Olsen case. The present suit was filed on November 25, 1990, thus naming Mohr and Rich Hill as defendants for the second time in a personal injury action arising out of the same accident.
Defendants' answer did not formally raise entire controversy as an affirmative defense. However, the absence of such defense was itself not raised in opposition to defendants' motion for summary judgment, which was based upon entire controversy principles. Neither was the issue raised by way of objection to the plenary factual hearing conducted by the judge, with the agreement of both parties, in order to rule on that motion.
Prevratil said below that he was "severely injured" in the March 2 accident, that he was never served with the Olsen complaint, and that he had no knowledge from letters, interrogatories or otherwise that a case existed or had been settled until after it was concluded. The judge did not believe him, and found as a fact that Prevratil was aware of the Olsen action during its pendency.
The proofs set out during the special hearing also showed that plaintiffs had timely knowledge of the alleged injury. In fact, Prevratil was represented by counsel in a workers' compensation action while the Olsen suit was pending. On cross-examination, Prevratil testified that he was in touch with his own attorney as early as three months after the accident in June 1989; not primarily for workers' compensation but "to file for a lawsuit because I was severely injured from the accident ...".
*656 In Cafferata v. Peyser, 251 N.J. Super. 256, 260, 597 A.2d 1101 (App.Div. 1991), we held that the knowledge of the existence of a cause of action which will invoke the entire controversy doctrine is the same as the knowledge which will trigger the running of the statute of limitations in those cases to which the discovery rule of deferred accrual is applicable. We made it plain, however, that judicial fairness required that the party whose claim is sought to be barred must have had a fair and reasonable opportunity to fully litigate that claim in the original action. Id. at 261, 597 A.2d 1101. In Cafferata that opportunity was deemed clearly not present because the parties had merely settled a small physician's fee complaint brought in the Special Civil Part, out of court, and without benefit of counsel. Id. at 261-62, 597 A.2d 1101.
In the present case, as in Burrell v. Quaranta, 259 N.J. Super. 243, 612 A.2d 379 (App.Div. 1992), plaintiffs' had full knowledge of the injury. Moreover, Prevratil, the insured party, was found to be aware of the pending Olsen suit in which he was a named defendant. Thus, early on, he had both an insurance counsel and a separate counsel retained for workers' compensation purposes or even "to file for a lawsuit", if his answer on cross-examination is credited.
Cogdell v. Hospital Center at Orange, 116 N.J. 7, 560 A.2d 1169 (1989) was decided prior to settlement of the Olsen case, and so is authoritative here. However, we note again that the present defendants were also the defendants in Olsen, in which Prevratil was a party. Long before Cogdell and Burrell addressed the entire controversy doctrine, it was clear that parties in an action must, in that action, join issue on at least such matters between them as arise out of its subject matter. See Cogdell, supra, 116 N.J. at 16-17, 560 A.2d 1169. There is nothing new about this concept.
Plaintiff urges that the present case must be governed by our recent opinion in Stebbins v. Robbins, 278 N.J. Super. 439, 651 A.2d 486 (App.Div. 1995) decided January 12, 1995. There, in reliance upon Crispin v. Volkswagenwerk A.G., 96 N.J. 336, 355, *657 476 A.2d 250 (1984), Cafferata, supra, and Humble Oil & Ref. Co. v. Church, 100 N.J. Super. 495, 242 A.2d 652 (App.Div. 1968), it was concluded that "automobile personal injury litigation has been treated generally as an exception to the mandatory joinder of claims required by the entire controversy rule," and that the R. 4:5-1(b)(2) certification "satisfies the requirements of the entire controversy doctrine since it places the other parties and the court on notice of all claims arising out of the single accident."
We respectfully disagree with this formulation which limits the scope and purpose of the entire controversy doctrine. While fairness to all litigants remains a polestar, mere notice of other pending claims does not fulfil the purpose of the joinder requirements of the entire controversy doctrine. The major thrust is to achieve economy in litigation by avoiding the waste, inefficiency, delay and expense of piecemeal and fragmented litigation. Cogdell, supra, 116 N.J. at 15, 560 A.2d 1169; Cafferata, supra, 251 N.J. Super. at 261, 597 A.2d 1101. Given the overwhelming number of automobile personal injury cases in the courts, we find no warrant for their general exception from R. 4:30A, absent modification of the rule.
The doctrine requires, however, that there be a fair and reasonable opportunity for the party whose claim is sought to be barred to have fully litigated that claim in the original action. Cafferata, supra.
Here that opportunity was present in ample measure. While we disagree with Stebbins' broad deletion of automobile insureds represented by insurer-provided attorneys from the operation of R. 4:30A, and from mandatory joinder requirements generally, we also note that the present case, unlike Stebbins, is not materially distinguishable from Burrell. Prevratil, just as the plaintiff in Burrell, had his own counsel shortly after the accident. He also was represented by the insurance lawyer. He knew not only of the pending case in which he and the present defendants were joined, but by his own statement was aware of his "severe" *658 injury and was considering a lawsuit other than the timely workers' compensation action he brought.
By contrast, Mohr and Rich Hill were defendants in the prior action and were entitled to know, when they settled with Olsen, whether other claims were going to be asserted against them. This factor must also be part of the equitable weighing process, if fairness to all litigants is the goal.
That an insurer-provided attorney has the insured as his client is by now unambiguously established. See, e.g., Lieberman v. Employers Ins. Co. of Wassau, 84 N.J. 325, 339, 419 A.2d 417 (1980); Rova Farm Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 492, 323 A.2d 495 (1974); Burrell, supra, 259 N.J. Super. at 253, 612 A.2d 379.
It has been suggested that an action may lie against an insurer provided attorney who fails to protect his client against the consequences of the entire controversy rule. See, e.g., Burrell, supra, 259 N.J. Super. at 254-55, 612 A.2d 379; Strauss v. Fost, 209 N.J. Super. 490, 498, 507 A.2d 1189 (App.Div. 1986). See also Lieberman, supra. In consequence, plaintiffs have argued that enforcing the entire controversy rule here would work against policy and common sense in that such enforcement may engender further litigation. Perhaps, but only in cases in which the rule is not observed. If insurers and insurer-provided counsel diligently coordinate with their insureds on compliance with its requirements, a salutary reduction in duplicative litigation will be achieved.
Equitably enforced, as it has been in cases like Cafferata and Burrell, R. 4:30A is a good rule. The hearing conducted by Judge Piro Chambers ensured that it was enforced equitably here. Should a blanket exemption of any class of litigation from the operation of the entire controversy doctrine be deemed necessary, such as that provided in R. 4:64-5 (foreclosures) and R. 4:67-4(a) (summary actions), R. 4:30A may well be modified. Until that time, subject to compelling equitable exceptions not here present, *659 we believe that automobile cases must remain subject to the joinder requirements governing civil litigation.
Affirmed.
NOTES
[1] Cafferata v. Peyser, 251 N.J. Super. 256, 260, 597 A.2d 1101 (App.Div. 1991). See also Madison Indus. v. Eastman Kodak, 243 N.J. Super. 578, 585, 581 A.2d 85 (App.Div. 1990) (endorsing limited fact-finding hearing prior to ruling on summary judgment motion).